**UNITED STATES DISTRICT COURT**
**for**
**NORTHERN DISTRICT OF TEXAS**

# Petition for Person Under Supervision

| | |
|---|---|
| Person Under Supervision: | Joshua Anthony Polley Case No.: 2:23-CR-087-Z(01) |
| Name of Sentencing Judge: | U.S. District Judge Matthew J. Kacsmaryk |
| Date of Original Sentence: | May 30, 2024 |
| Original Offense: | Convicted Felon in Possession of a Firearm, 18 U.S.C. §§ 922(g)(1) and 924(a)(8), a Class C Felony |
| Original Sentence: | Thirty-seven (37) months custody as to Count One, three (3) year term of supervised release as to Count One |
| Revocations: | None |
| Detainers: | None |
| U.S. Marshals No.: | 87395-510 |
| Type of Supervision: | Supervised Release Date Supervision Commenced: June 12, 2026 |
| Assistant U.S. Attorney: | Joshua Jerome Frausto Defense Attorney: Felipe Zavala (Court appointed) |

## Petitioning the Court for Action for Cause as Follows:

To issue a violator's warrant.

The probation officer believes the person under supervision violated the following conditions:

**Previous Court Notifications**

On July 31, 2026, the Court was notified of Joshua Anthony Polley's relapse into use of methamphetamine on July 12, 2026, and the subsequent positive urine specimen he submitted on July 14, 2026. On August 5, 2026, the Court agreed to take no action in relation to this violation, in order to allow Mr. Polley to avail himself of increased substance abuse treatment, as well as mental health treatment to address his grief.

This violation is included below.

**I.**

**Violation of Other Condition No. 2**

The defendant shall not unlawfully possess a controlled substance (see 18 U.S.C. § 3583(d)).

**Violation of Other Condition No. 4**

The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter (as determined by the court) for use of a controlled substance, but the condition stated in this paragraph may be ameliorated or suspended by the court for any individual defendant if the defendant's presentence report or other reliable information indicates a low risk of future substance abuse by the defendant (see 18 U.S.C. § 3583(d)).

**Violation of Other Condition No. 10**

The defendant shall participate in an outpatient program approved by the probation officer for treatment of narcotic, drug, or alcohol dependency that will include testing for the detection of substance use, abstaining from the use of alcohol and all other intoxicants during and after completion of treatment, and contributing to the costs of services rendered (copayment) at the rate of at least $30 per month.

**Nature of Noncompliance**

On July 14, 2026, Mr. Polley submitted a urine specimen to Dailey Recovery Services (DRS), the substance abuse treatment and testing provider in Amarillo, Texas, which tested positive for methamphetamine. On July 15, 2026, he admitted verbally to DRS personnel to using methamphetamine, which was communicated to U.S. Probation Officer Ty Stewart (USPO Stewart). On July 22, 2026, Mr. Polley admitted verbally and in writing to using methamphetamine on July 12, 2026.

Mr. Polley violated these conditions of supervised release when he failed to report for substance abuse group therapy at DRS on August 10, 2026.

**II.**

**Violation of Other Condition No. 9**

The defendant shall participate in outpatient mental health treatment services as directed by the probation officer until successfully discharged. These services may include medications prescribed by a licensed physician. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $30 per month.

**Nature of Noncompliance**

Mr. Polley violated this condition of supervised release when he failed to attend mental health treatment sessions with Troy Timmons (Timmons), the mental health treatment provider in Amarillo, Texas, on September 4 and September 17, 2026. Additionally, on September 18, 2026, Timmons notified USPO Stewart Mr. Polley would be unsuccessfully terminated from services due to these consecutive missed sessions.

## Personal History

Mr. Polley commenced his term of supervised release with the U.S. Probation Office in Amarillo, Texas, on June 12, 2026. He has maintained stable residence and employment. Mr. Polley was referred to substance abuse treatment and testing at DRS and a mental health assessment at Timmons on June 18, 2026. He has been enrolled in treatment and testing at DRS since that date; however, the mental health assessment completed by Timmons the same date noted no mental health services were recommended at that time, thus he was not referred to further mental health treatment. Mr. Polley began using methamphetamine approximately one month after release, citing grief at the declining health of an uncle to whom he is close. As a result, he was referred back to Timmons on July 22, 2026, for mental health treatment to address this issue. Mr. Polley appeared to be capable of stabilizing initially after his relapse. However, in addition to the missed mental health and substance abuse treatment sessions referenced above, recent events appear to coincide with a decline in Mr. Polley's compliance. Specifically, the U.S. Probation Office was contacted by an anonymous caller, who reported Mr. Polley had been drinking and driving[1]. Additionally, Mr. Polley reported to USPO Stewart on September 17, 2026, that he had been contacted by a detective with the Amarillo Police Department (APD), Amarillo, Texas, as the subject of a rape investigation. He reported no charges had been filed, nor had he been arrested, and he stated he possessed evidence he intended to furnish to APD which would exonerate him. Lastly, during a home contact on September 17, 2026, several alcoholic beverage containers were observed by USPO Stewart in Mr. Polley's residence. He denied consumption of alcohol, stating he had friends over who had been drinking and he had not joined. He was reminded consumption of alcohol while in treatment would be considered noncompliance. It should be noted USPO Stewart observed Mr. Polley's speech to be mildly slurred and his eyes were drooping, and he was also observed to be wearing two different shoes on each foot. While these circumstances are not alleged as violation conduct, taken together with his recent treatment noncompliance, it would appear Mr. Polley has reverted to noncompliance.

Due to Mr. Polley's substance abuse and failures to adequately engage in treatment efforts to assist him, a Petition for Person Under Supervision is being submitted to the Court. All efforts to bring Mr. Polley into compliance have been exhausted and he represents a danger to public safety.

## Statutory Provisions — Protect Act Supervised Release

| | |
|---|---|
| **Statutory Maximum Custody:** | 2 years. 18 U.S.C. § 3583(e)(3) |
| **Mandatory Revocation Statutes:** | Mandatory revocation for possession of a controlled substance. Sentence to a term of imprisonment. 18 U.S.C. § 3583(g)(1). |
| **Fine:** | None. |
| **Statutory Maximum for Reimposition of Supervised Release:** | Up to 3 years, minus revocation sentence. 18 U.S.C. § 3583(h). |

[1] Attempts to determine the identity of this caller or reestablish contact have been unsuccessful.

## Chapter 7 Violation Computations

| | | |
|---|---|---|
| **Violation Grade:** | C | USSG §7C1.1(a), p.s. |
| **Criminal History Category:** | VI | USSG §7C1.5, p.s. |
| **Imprisonment Range:** | 8 to 14 months | USSG §7C1.5, p.s. |
| **Fine:** | None | USSG §7C1.4, comment. (n.4) |

Pursuant to USSG §7C1.3(b), the Court shall revoke supervised release if required by statute. Otherwise, the Court should conduct an individualized assessment, taking into consideration the grade of the violation, to determine whether to revoke supervised release. Revocation is generally appropriate for a Grade A violation, often appropriate for a Grade B violation, and may be appropriate for a Grade C violation.

In Esteras v. U.S., 606 U.S. 185 (2025), the Supreme Court held that a sentencing court may not consider the factors listed in 18 U.S.C. § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when determining a sentence following a revocation of a term of supervised release.

In Tapia v. U.S., 564 U.S. 319 (2011), the Supreme Court held that 18 U.S.C. § 3582(a) does not permit a sentencing court to impose or lengthen a prison term in order to foster a defendant's rehabilitation.

I declare under penalty of perjury that the
foregoing is true and correct.

Executed on September 23, 2026
Respectfully submitted,

Tyson J. Stewart
U.S. Probation Officer
Amarillo Division
Phone: 806-337-1753
Email: tyson_stewart@txnp.uscourts.gov

Approved,

Gema Delgado Reyes
Supervising U.S. Probation Officer
Phone: 806-337-1752

---

**Order of the Court:**

☐ No action.

☒ The Issuance of a Warrant. Petition and warrant sealed and not to be distributed to counsel of record until arrest effectuated.

☐ The Issuance of a Summons.

☐ Other or Additional:

______________________________

______________________________

☐ File under seal until further order of the Court.

______________________________
The Honorable Matthew J. Kacsmaryk
U.S. District Judge

9-24-26
______________________________
Date